# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RALPH KAHL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3180 |
| | ) | |
| DON ALBRECHT, | ) | |
| RUSSELL ALEXANDER, | ) | |
| ROB HEARN, VIPIN SHAH, and | ) | |
| STEVEN A. CARR, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Pinckneyville Correctional Center, pursues claims arising from injuries he suffered from a fall at a dentist office. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

## LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to

1

assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56. However, pro se pleadings are liberally construed when applying this

standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

# ALLEGATIONS

Plaintiff's allegations regard events which occurred during his incarceration in the Macoupin County Jail in Carlinville, Illinois, presumably as a pretrial detainee.

In July, 2010, a Jail officer took Plaintiff to see Defendant Dr. Carr, a dentist in Carlinville, Illinois, to have Plaintiff's tooth pulled.  Only one officer escorted Plaintiff to the appointment, though Jail policy requires two escorting officers.

After arriving at the dentist office, Plaintiff and the escorting officer entered the building through the back door, Plaintiff in leg shackles and handcuffs attached to a waist chain.  The back door opens into a hallway or small area with two more closed doors, one door leading to the basement and the other to the office.  Once inside the hallway, the officer told Plaintiff to step aside, in order to allow enough room for the officer to open the door leading to the office.  Plaintiff did so, leaning against the door to the basement.  Unfortunately, the basement door was not latched and gave way, causing Plaintiff to fall backwards down a flight of stairs and sustain serious injury.  He was taken to the hospital, where he received a neck brace and pain medication.

When Plaintiff returned to the Jail, Defendant Alexander, then the Jail

Superintendent, refused to allow Plaintiff to wear the neck brace for purported security reasons, despite the hospital doctor's orders. The Jail doctor, Defendant Dr. Shah, refused to fill any of the medication prescribed by the hospital doctor because the prescribed medicine was too expensive. Dr. Shah prescribed only Tylenol. Without the prescribed pain medicine and neck brace, Plaintiff suffered extreme and unnecessary pain. He tried to file a grievance, but Defendant Alexander refused to give him the form.

## ANALYSIS

Plaintiff was presumably a pretrial detainee when these events occurred, which means that his claim arises from the Fourteenth Amendment's due process clause, not the Eighth Amendment's prohibition against cruel and unusual punishment. However, in the context of this case, no practical difference exists. Under either amendment, Plaintiff must allege facts to plausibly suggest that Defendants were deliberately indifferent to Plaintiff's serious medical needs or deliberately indifferent to a substantial risk of serious harm. *See* Estate of Miller v. Tobaisz, 680 F.3d 984, 989 (7th Cir. 2012).

Plaintiff's Count I alleges that the Jail Defendants' failure to assign two officers to escort him caused his injuries, inflicting cruel and unusual punishment on him. He also contends that Dr. Carr is liable for failing to secure the basement

door.

Dr. Carr, the dentist, is not a "state actor," and thus he cannot be sued for constitutional violations. Wilson v. Price, 624 F.3d 389, 392 (7th Cir. 2010)(Section1983 applies to constitutional violations by a person acting "under color of state law."). Furthermore, Plaintiff's Count I sounds in negligence, which is not actionable under the Constitution. Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001)(Negligence, even gross negligence, does not rise to the level of a Constitutional violation). Even if the basement door should have been secured and two escorting officers should have been with Plaintiff, that is not enough to allow a plausible inference of deliberate indifference. *See* Christopher v. Buss, 384 F.3d 879 (7th Cir. 2004)(failure to correct uneven prison softball field which caused prisoner's permanent eye injury while playing softball did not state an Eighth Amendment claim); Turner v. Miller, 301 F.3d 599 (7th Cir. 2002)(no eighth amendment claim for prisoner's exposure to electrical wires where no evidence that defendants knew about wires).

To the extent Plaintiff is attempting to pursue a state law negligence claim in Count I, the one year statute of limitations would bar the claim against the Jail employees. 745 ILCS 10/8-101(a)("No civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is

commenced within one year from the date that the injury was received or the cause of action accrued.").

However, to the extent Plaintiff means to pursue a state law negligence claim against Dr. Carr for failing to secure the basement door, the Court would arguably have supplemental jurisdiction over that claim, which might not be barred by the statute of limitations. *See* 28 U.S.C. § 1367(a); Houskins v. Sheahan, 549 F.3d 480, 495 (7th Cir. 2009).

As for Count II, Plaintiff states potential constitutional claims arising from the denial of his neck brace and prescribed pain medicine. A plausible inference of a serious medical need may be drawn from Plaintiff's description of the accident, subsequent pain, and prescriptions for the brace and medicine. An inference of deliberate indifference arises from the failure to follow the hospital doctor's orders. Grieveson v. Anderson, 538 F.3d 763, 779 (7th Cir. 2008)(delay in medical care that caused "hours of needless suffering" stated constitutional claim); Chapman, 241 F.3d at 845 (interfering with prescribed treatment may amount to deliberate indifference). Thus, this claim will proceed against Defendant Alexander, who allegedly refused to allow Plaintiff to wear the brace, and against Dr. Shah, who allegedly refused to fill Plaintiff's prescribed medication.

Defendant Albrecht, the Sheriff, cannot be held liable for the constitutional

violations of subordinates solely because the Sheriff is in charge of the Jail. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983). However, more facts are needed before the Court can rule out the Sheriff's personal involvement. Accordingly, Sheriff Albrecht will remain as a Defendant for now.

Count III is based on Defendants' refusal to provide Plaintiff with grievance forms. No federal claim is stated in this count because Plaintiff has no constitutional right to a grievance procedure. Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996)("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."). Deliberately impeding Plaintiff's access to an available grievance procedure would excuse Plaintiff from exhausting his administrative remedies but would not arise to an independent claim.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states federal constitutional claims against Defendants Alexander, Albrecht, and Shah for deliberate indifference to Plaintiff's serious medical needs. The Court takes supplemental jurisdiction over a state law negligence claim against Defendant Dr. Carr for the alleged failure to secure the

basement door. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15. To the extent Plaintiff pursues state law negligence claims, those claims are dismissed for the reasons discussed above.

2) Defendants Hearn and Carr are dismissed.

3) The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this order.

4) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effecting service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an <u>answer</u> within the time prescribed by Local Rule.

A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

7) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on October 15, 2012 at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending

issues need discussion.  Accordingly, no writ shall issue to secure Plaintiff's presence at the conference unless directed by the Court.

    10) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

    11)  Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED: August 15, 2012

FOR THE COURT:

                                                                           **s/Sue E. Myerscough**
                                                                         SUE E. MYERSCOUGH
                                                               UNITED STATES DISTRICT JUDGE