**E-FILED**
Wednesday, 16 October, 2013  12:16:54 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **RALPH V. KAHL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.: 12-3180-SEM-BCG** |
| | ) | |
| | ) | |
| **DON ALBRECHT, RUSSELL** | ) | |
| **ALEXANDER, VIPIN SHAH, and** | ) | |
| **STEVEN CARR,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Defendants Don Albrecht and Russell Alexander's Motion for Summary Judgment (D/E 37) and on Defendant Vipin Shah's separate Motion for Summary Judgment (D/E 39).  For the following reasons, Defendants' motions are GRANTED.  Defendant Steven Carr is directed to either file a motion for summary judgment or inform the Court that he intends to proceed to trial within 14 days of this Order.

1

# I.
## THE MATERIAL FACTS ARE NOT IN DISPUTE.[1]

From October 2008 until February 2011, Plaintiff Ralph V. Kahl was a pre-trial detainee in the Macoupin County Jail in Carlinville, Illinois.   During the relevant time, Defendant Vipin Shah, M.D., provided medical services to detainees at the Macoupin County Jail.  On July 29, 2010, Dr. Shah saw Kahl regarding pain in his teeth and ordered Kahl to be seen by a dentist.

On July 12, 2010, officers from the Macoupin County Jail transported Kahl to Steven Carr, DDS's office to have a tooth extracted.  When the officer and Kahl arrived at Dr. Carr's office, someone from Dr. Carr's office directed them to enter the building

---

[1]   Although the Court sent two notices to Kahl regarding Defendants' two motions for summary judgment informing him of the consequences for failing to respond to the motions, Kahl has failed to respond to either motion.   Despite Kahl's failure to respond, the Court is cognizant that "[s]ummary judgment cannot be granted by default even if there is a complete failure to respond to the motion." *Boyd v. Habeck*, 2013 WL 518966, * 1 (E.D. Wis. Feb. 12, 2013)(citing Fed. R. Civ. Pro. 56(e) advisory committee note to 2010 amendments).  Accordingly, the Court has reviewed Kahl's deposition in full as well as the other evidence submitted by Defendants in order to determine whether a genuine issue of material fact exists that would preclude summary judgment in Defendants' favor.   The Court finds that no such disputed fact exists and that Defendants are entitled to judgment as a matter of law.

from the rear.  As Kahl entered Dr. Carr's building, he fell down a
flight of stairs when he leaned against an unlocked door.  Kahl was
then transported by ambulance to the Carlinville Area Hospital.
After an evaluation, the medical staff determined that Kahl had a
fractured neck and released him back to the Macoupin County Jail
with a neck collar, a prescription for Motrin and Tylenol Extra
Strength together every six hours, and a prescription for Tramadol
as needed.

Sometime after he returned to the Jail, Russell Alexander (the
Jail Administrator) informed Kahl that he could not use the neck
collar unless he remained in segregation.  Alexander explained that
the neck brace could be used as or turned into a weapon, and
therefore, it would be a security risk to have the collar in the Jail.

Dr. Shah next examined Kahl on July 27, 2010, for pain in his
shoulder.  Dr. Shah continued Kahl's prescription for Ibuprofen and
Tylenol, but he did not renew Kahl's prescription for Tramadol.

Dr. Shah examined Kahl again on August 3, 2010, regarding
pain in his shoulder.  After the examination, Dr. Shah ordered an
MRI be performed on Kahl.  On August 27, 2010, Kahl received the
MRI ordered by Dr. Shah.  The MRI revealed moderate degenerative

changes and a small disc herniation in his neck.   The MRI also revealed mild osteoarthritis, anterior and lateral down sloping configuration and mild increase in the T2 signal and mild supraspinatus.   Based upon the results of the MRI and his evaluation of Kahl, Dr. Shah determined that Kahl did not need further imaging, consultation, or increased prescription medication. Dr. Shah never told Kahl that he needed surgery.   Sometime in August 2010, Dr. Carr extracted Kahl's tooth that precipitated his initial visit to Dr. Carr's office in the previous month.

On July 5, 2012, Kahl filed the above-captioned case under 42 U.S.C. § 1983 alleging that Sheriff Don Albrecht and Alexander violated his Eighth Amendment rights by refusing to allow him to wear his neck collar and by refusing to provide him with his prescription pain medication Tramadol.   Kahl contends that Dr. Shah violated his Eighth Amendment right by refusing to re-fill or renew his prescription for Tramadol.   Finally, Kahl alleges that Dr. Carr's negligence led to his fall and subsequent injuries.   Sheriff Albrecht, Alexander, and Dr. Shah have now filed the instant motions for summary judgment.

## II.
## THE LEGAL STANDARDS GOVERNING SUMMARY JUDGMENT ARE WELL-ESTABLISHED.

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see Ruiz-Rivera v. Moyer,* 70 F.3d 498, 500-01 (7th Cir. 1995).  The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986).  Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.,* 112 F.3d 291, 294 (7th Cir. 1997).  "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.,* 6 F.3d 1176, 1183 (7th Cir. 1993).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he "'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 261 (1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.,* 191 F.3d 813, 818 (7th Cir. 1999).   Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson,* 477 U.S. at 250.

**III.**
**DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT**

As the Court indicated in its August 23, 2012 Order, Kahl has alleged a cause of action under § 1983 based upon deliberate indifference to a serious medical need arising from the denial of his neck brace and denial of his prescribed pain medication against Sheriff Albrecht and Alexander and a deliberate indifference claim

against Dr. Shah arising out of his refusal to re-fill Kahl's pain medication.  "To prevail in this section 1983 action, [a plaintiff] must establish (1) that he had a constitutionally protected right, (2) that he was deprived of that right, (3) that [the defendant] intentionally deprived him of that right and (4) that [the defendant] acted under color of state law." *Forrest v. Prine*, 620 F.3d 739, 743 (7th Cir. 2010).  Because Kahl was a pretrial detainee, "his deliberate-indifference claim arises under the Fourteenth Amendment's Due Process Clause but is governed by the same standards as a claim for violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013); *Rosario v. Brawn*, 670 F.3d 816, 820-21 (7th Cir. 2012)("Although the Eighth Amendment applies only to convicted persons, pretrial detainees . . . are entitled to the same basic protections under the Fourteenth Amendment's due process clause, and we apply the same deliberate indifference standard in both types of cases.") (internal quotation omitted).

The Eighth Amendment prohibits punishments that are incompatible with "evolving standards of decency that mark the

progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 101 (1958). "The Eighth Amendment safeguards the prisoner against a lack of medical care that may result in pain and suffering which no one suggests would serve any penological purpose." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011)(internal quotations and footnote omitted). "Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs." *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009)("Deliberate indifference to serous medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution."); *Walker v. Benjamin*, 293 F.3d 1030, 1036-37 (7th Cir. 2002)(noting that the Eighth Amendment applies to the states through the Fourteenth Amendment).

The deliberate indifference standard requires an inmate to clear a high threshold in order to maintain a claim for cruel and unusual punishment under the Eighth Amendment. *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). "In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and

(2) that the 'prison officials acted with a sufficiently culpable state of mind." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008)(quoting *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005)); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)(same).   "A medical condition is serious if it 'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Lee*, 533 F.3d at 509 (quoting *Greeno*, 414 F.3d at 653).   "With respect to the culpable state of mind, negligence or even gross negligence is not enough; the conduct must be reckless in the criminal sense." *Id.*; *Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994)("We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.").

In other words,

[d]eliberate indifference is not medical malpractice; the

9

> Eighth Amendment does not codify common law torts. And although deliberate means more than negligent, it is something less than purposeful. The point between these two poles lies where the official knows of and disregards an excessive risk to inmate health or safety or where the official is both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he . . . draw the inference. A jury can infer deliberate indifference on the basis of a physician's treatment decision when the decision is so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment.

*Duckworth*, 532 F.3d at 679 (internal quotations and citations omitted). The Seventh Circuit has cautioned, however, that "[a] prisoner [] need not prove that the prison officials intended, hoped for, or desired the harm that transpired. Nor does a prisoner need to show that he was literally ignored. That the prisoner received some treatment does not foreclose his deliberate indifference claim if the treatment received was so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition." *Arnett*, 658 F.3d at 751 (internal citations and quotations omitted).

## A.    Sheriff Albrecht

"[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)(quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)).  Indeed, the Seventh Circuit has explained that the doctrine of *respondeat superior* (a doctrine whereby a supervisor may be held liable for an employee's actions) has no application to § 1983 actions. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010).  Instead, in order for a supervisor to be held liable under § 1983 for the actions of his subordinates, the supervisor must "approve[] of the conduct and the basis for it." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)("An official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent.")(internal quotation omitted).  "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.  They must in other words act either knowingly or with deliberate, reckless indifference."

*Backes v. Village of Peoria Heights, Illinois*, 662 F.3d 866, 870 (7th Cir. 2011)(quoting *Chavez*, 251 F.3d at 651)).   "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Gentry*, 65 F.3d at 561.

In the instant case, Kahl has admitted that Sheriff Albrecht had no personal involvement in his day-to-day care or with his medical needs.   In fact, Kahl conceded that he never spoke to Sheriff Albrecht about his medical condition.

Kahl's claim that, as the Sheriff, Albrecht, by necessity, must have some involvement is inapposite.   As explained *supra*, *respondeat superior* has no application in a § 1983 action. *Gayton*, 593 F.3d at 622.   This is especially true when the claim involves medical treatment because "in determining the best way to handle an inmate's medical needs, prison officials who are not medical professionals are entitled to rely on the opinions of medical professionals." *Lee v. Young*, 533 F.3d 505, 511 (7th Cir. 2008). Accordingly, the Court finds that Sheriff Albrecht is entitled to summary judgment based upon his lack of personal involvement in Kahl's alleged constitutional deprivation.

## B.    Russell Alexander

The Court also finds that Alexander is entitled to the summary judgment that he seeks.  As discussed *supra,* in order to survive summary judgment, Kahl must demonstrate that Alexander acted "with a sufficiently culpable state of mind." *Lee,* 533 F.3d at 509. He must prove that Alexander's treatment of him was so "blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition." *Arnett,* 658 F.3d at 751.  Kahl has failed to make such a showing.

"The Eighth Amendment safeguards the prisoner against a lack of medical care that may result in pain and suffering which no one suggests would serve any penological purpose." *Arnett,* 658 F.3d at 750.  Here, Alexander testified that prohibiting the use of a neck collar (unless the prisoner was in segregation) served the penological interest of safety and security in that the collar could be used as a weapon to harm others or the prisoner himself. Alexander also testified that he offered to allow Kahl to continue using the neck brace if he agreed to be placed in segregation, but Kahl refused this accommodation.   Kahl  has  not  offered  any evidence to dispute Alexander's testimony that having the neck

collar in the Jail would be a security risk.  On the contrary, Kahl testified during his deposition that the Illinois Department of Corrections where he is currently housed has the same rule or regulation and that he understood the purpose of the rule or regulation.

Likewise, the Court finds Kahl has failed to support his claim of a violation of the Eighth Amendment regarding the failure to provide him with Tramadol.  Although there is a dispute as to whether Kahl ever took Tramadol while at the Macoupin County Jail (the medical records show he did, but Kahl denies it), it is undisputed that Kahl did receive some pain medication.  It is also undisputed that the medical staff ordered Kahl be given Tramadol on an *as needed* basis, *i.e.*, it was not a mandatory prescription.

Thus, even assuming *arguendo* that Kahl never received Tramadol, the Court finds that this deprivation is insufficient to constitute an Eighth Amendment violation. *Kidd v. Brown,* 1997 WL 113723, * 1 (7th Cir. Mar. 4, 1997)(holding that temporary inconveniences do not implicate the Eighth Amendment); *Caldwell v. Miller,* 790 F.2d 589, 600-01 (7th Cir. 1986)(holding that a prisoner's inconvenience falls outside the Eighth Amendment).

Indeed, Dr. Shah did not believe that Kahl needed more Tramadol when he examined Kahl a few short weeks later.[2]

Accordingly, the Court finds that Alexander is entitled to summary judgment.  Alexander was entitled to rely upon the advice of medical professionals regarding Kahl's prescriptions.  *Lee,* 533 F.3d at 511.  Alexander arranged for Kahl to be transferred to Dr. Shah for further evaluations and to the hospital for an MRI.  These are not the actions of someone who is deliberately indifferent to the serious medical needs of a prisoner.

## C.   Dr. Shah

Kahl's Eighth Amendment claim against Dr. Shah is even more tenuous.  Essentially, Kahl claims that Dr. Shah violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to re-fill his Tramadol prescription.

However, Dr. Shah has testified that such a prescription was unnecessary, and so, even if Dr. Shah were incorrect in this conclusion, negligence or medical malpractice are insufficient to support a claim of deliberate indifference.  *Duckworth,* 532 F.3d at

---

[2]  The fact that Kahl apparently needed a re-fill for his Tramadol prescription lends some credence to Defendants' position that Kahl did receive and took this prescription.

15

679. At most, Kahl has shown that he disagreed with Dr. Shah's decision or course of treatment, but "[t]he Eighth Amendment prohibits cruel and unusual punishment. It does not mandate that prisoners be provided with the best treatment available or the treatment of their choosing." *Bell v. Scholtz*, 2011 WL 1238911, * 10 (C.D. Ill. Mar. 30, 2011)(citing *Anderson v. Romero*, 72 F.3d 518, 524 (7th Cir. 1995)). Accordingly, Dr. Shah is entitled to summary judgment on Kahl's claim against him.

## D.    Qualified Immunity.

The Court need not address whether Defendants are entitled to qualified immunity because Defendants' conduct did not constitute cruel and unusual punishment in violation of the Eight Amendment. *Van den Bosch v. Raemisch*, 658 F.3d 778, 787 n. 9 (7th Cir. 2011).

## E.    Steven Carr

Finally, the Court notes that Dr. Carr did not file a motion for summary judgment on Kahl's state law negligence claim against him. Although the Court has dismissed all of Kahl's federal claims, it will, nevertheless, retain jurisdiction over his state law claim. Under 28 U.S.C. § 1367, a federal court has jurisdiction to hear all

claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164-65 (1997)(citations omitted). Claims are sufficiently related if they "derive from a common nucleus of operative fact . . . ." *Id.* The United States Court of Appeals for the Seventh Circuit has explained that, generally, district courts should dismiss, without prejudice, supplemental state law claims once all of the federal claims have been dismissed. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). However, exceptions to this general proposition exist, including when the statute of limitations has expired on a state law claim. *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994)(setting forth the exceptions).

Here, Kahl's negligence claim against Dr. Carr requires a straightforward application of Illinois law. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). In addition, the case has been pending for quite some time; discovery has concluded; and it would not be in the interest of judicial economy or in the parties' best interest to have to begin litigation anew in state court. *Id.* More importantly, the applicable statute of limitations period has

expired on Kahl's negligence claim against Dr. Carr, and therefore, the Court finds that it should retain jurisdiction over this claim. *Wright*, 29 F.3d at 1251.

However, the Court notes that Dr. Carr did not file a motion for summary judgment—as the other Defendants did—prior to the dispositive motion deadline.  The Court is unsure whether the failure to do so was an oversight or whether Dr. Carr believes that a motion for summary judgment would not be appropriate. Accordingly, Defendant Dr. Steven Carr is ordered to either file a motion for summary judgment or inform the Court that he intends to proceed to trial on Plaintiff's supplemental state law claim against him within 14 days of this Order.

**IT IS, THEREFORE, ORDERED:**

1) Defendants Sheriff Don Albrecht and Russell Alexander's Motion for Summary Judgment (D/E 37) and Defendant Dr. Vipin Shah's Motion for Summary Judgment (D/E 39) are GRANTED. The Clerk of the Court is directed to enter judgment in Defendants' favor and against Plaintiff.

2)    Defendant Dr. Steven Carr is Ordered to either file a motion for summary judgment or inform the Court that he intends

to proceed to trial on Plaintiff's supplemental state law claim against him within 14 days of this Order.


ENTERED this 16th day of October, 2013.



      ___/s Sue E. Myerscough_____
       SUE E. MYERSCOUGH
     UNITED STATES DISTRICT JUDGE