**E-FILED**
Wednesday, 11 December, 2013  10:00:40 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **RALPH V. KAHL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.: 12-3180-SEM-BCG** |
| | ) | |
| | ) | |
| **DON ALBRECHT, RUSSELL** | ) | |
| **ALEXANDER, VIPIN SHAH, and** | ) | |
| **STEVEN CARR,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Defendant Steven Carr's Motion for Summary Judgment (D/E 42). For the following reasons, Carr's motion is GRANTED.

## I.
## THE MATERIAL FACTS ARE NOT IN DISPUTE.

The Court has previously granted Defendants Don Albrecht, Russell Alexander, and Vipin Shah's motions for summary judgment. The Court sent two notices to Plaintiff Ralph V. Kahl regarding the filing of these two motions for summary judgment and

1

informed him of the consequences of failing to respond to the motions. Nonetheless, Kahl failed to respond to either motion, and the Court found that those Defendants were entitled to summary judgment.

Carr has now filed a motion for summary judgment asserting that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law on Kahl's negligence claim against him. Once again, the Court provided Kahl with a notice informing him of the consequences of failing to respond to Carr's motion. Nevertheless, Kahl failed to respond to Carr's motion for summary judgment.

"Summary judgment cannot be granted by default even if there is a complete failure to respond to the motion." *Boyd v. Habeck*, 2013 WL 518966, * 1 (E.D. Wis. Feb. 12, 2013)(citing Fed. R. Civ. Pro. 56(e) advisory committee note to 2010 amendments). Accordingly, the Court has reviewed Kahl's deposition in full as well as the other evidence in the record in order to determine whether a genuine issue of material fact exists that would preclude summary judgment in Carr's favor. The Court finds that no such disputed

fact exists and also finds that Carr is entitled to judgment as a matter of law.

From October 2008 until February 2011, Kahl was a pre-trial detainee in the Macoupin County Jail in Carlinville, Illinois.  On July 12, 2010, officers from the Macoupin County Jail transported Kahl to Carr's office to have a tooth extracted.  When the officer and Kahl arrived at Carr's office, someone from Carr's office directed them to enter the building from the rear.  As Kahl entered Carr's building, he fell down a flight of stairs when he leaned against an unlocked door that led to the basement.  Kahl was then transported by ambulance to the Carlinville Area Hospital.  After an evaluation, the medical staff determined that Kahl had a fractured neck and released him back to the Macoupin County Jail.

On July 5, 2012, Kahl filed the above-captioned case under 42 U.S.C. § 1983 alleging that Carr's negligence led to his fall and subsequent injuries.  Carr has now filed the instant motion for summary judgment.

## II.
## SUMMARY JUDGMENT IS PROPER IF THERE ARE NO GENUINE ISSUES OF MATERIAL FACT AND IF THE MOVANT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW.

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see Ruiz-Rivera v. Moyer,* 70 F.3d 498, 500-01 (7th Cir. 1995).  The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986).  Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.,* 112 F.3d 291, 294 (7th Cir. 1997).  "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof."

*Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he "'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 261 (1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.,* 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson,* 477 U.S. at 250.

### III.
### CARR IS ENTITLED TO SUMMARY JUDGMENT BECAUSE THERE ARE NO GENUINE ISSUES OF MATERIAL FACT AND BECAUSE CARR IS ENTITLED TO JUDGMENT AS A MATTER OF LAW

Kahl claims that Carr was negligent in failing to secure the basement door.  Kahl must establish three elements in order to succeed on his negligence claim: (1) Carr owed him a duty; (2) Carr breached that duty; (3) the breach proximately caused his injury. *Hougan v. Ulta Salon, Cosmetics, and Fragrance, Inc.*, 20013 WL 6054496, * 5 (Ill. App. Ct. Nov. 18, 2013).  Whether a duty exists is a question of law. *Id.*

Moreover,

[i]n determining whether a duty exists, courts look to four factors: (1) the reasonable foreseeability of injury; (2) the likelihood of injury; (3) the magnitude of the burden of guarding against injury; and (4) the consequences of placing that burden on the defendant. These four factors encompass the relationship between the plaintiff and the defendant, and the court must determine whether the plaintiff and the defendant stood in such a relationship that the law imposed upon the defendant an obligation of reasonable conduct for the plaintiff's benefit.  The determination of such a relationship, as sufficient to establish a duty of care, requires considerations of policy inherent in the consideration of these four factors and the weight accorded each of these factors in any given

6

analysis depends on the circumstances of the case at
hand.

*Id.* (internal quotations omitted).

The relationship between a business invitor and invitee may
give rise to a duty to protect against an unreasonable risk of
physical harm. *Marshall v. Burger King Corp.*, 222 Ill.2d 422, 430,
856 N.E.2d 1048, 305 Ill.Dec. 897 (Ill. 2006).  Generally, a business
owner has a duty to provide a reasonably safe means of ingress to
and egress from his business. *Reed v. Galaxy Holdings, Inc.*, 394
Ill.App.3d 39, 42, 914 N.E.2d 632, 333 Ill.Dec. 213 (Ill. App. Ct.
2009).

When a plaintiff alleges that he was injured by a condition on
the defendant's property, Illinois courts decide the foreseeability
prong of the duty test by referencing section 343 of the Restatement
(Second) of Torts. *LaFever v. Kemlite Co.*, 185 Ill.2d 380, 389, 706
N.E.2d 441, 235 Ill. Dec. 886 (Ill. 1998).  Section 343 of the
Restatement (Second) of Torts provides:

A possessor of land is subject to liability for physical
harm caused to his invitees by a condition on the land if,
but only if, he

(a) knows or by the exercise of reasonable care

7

would discover the condition, and should realize
that it involves an unreasonable risk of harm to
such invitees, and

(b) should expect that they will not discover or
realize the danger, or will fail to protect themselves
against it, and

(c) fails to exercise reasonable care to protect them
against the danger.

*Id.*

Kahl claims that Carr was negligent in leaving the door leading
to the basement unlocked.  Kahl also claims that an Illinois statute,
ordinance, or code requires all doors to be latched and that Carr's
failure to do so constituted negligence and caused his injuries.

However, Kahl does not identify any statute, ordinance, or
code that required doors to be latched at all times.  Thus, the Court
cannot say that Carr was negligent for having the basement door
unlocked based upon some duty imposed upon him by a statute,
code, or ordinance.

Illinois courts have recognized that stairs, by their very nature,
create a risk of injury. *Glass v. Morgan Guaranty Trust Co.*, 238
Ill.App.3d 355, 357-58, 606 N.E.2d 384, 179 Ill.Dec. 552 (Ill. App.

Ct. 1992); *Alcorn v. Stepzinski*, 185 Ill.App.3d 1, 6, 540 N.E.2d 823,
132 Ill.Dec. 901 (Ill. App. Ct. 1989).  "To hold otherwise would make
every landowner an absolute insurer for all injuries occurring on his
stairs." *Id.* at 7, 540 N.E.2d 823, 132 Ill.Dec. 901.

In *Alcorn*, the plaintiff fell down a basement stairwell located
adjacent to a door that opened into a hallway. *Id.* at 3, 540 N.E.2d
823, 132 Ill.Dec. 901.  The stairwell was located on the plaintiff's
left side as she entered the building, and there was no separate
landing for the stairwell. *Id.*  The plaintiff testified that, as she
entered the building, she lost her balance and fell down the
stairwell to her left. *Id.*

The Illinois Third District Appellate Court affirmed the trial
court's order entering summary judgment in the landowner's favor.
*Id.* at 7, 540 N.E.2d 823, 132 Ill.Dec. 901.  In reaching this
conclusion, the Illinois Appellate Court explained that stairwells can
constitute open and obvious dangers, the risk of which an average
person should be aware. *Id.*  Specifically, the Illinois Appellate
Court explained:

> The plaintiffs neither allege nor establish factually
> anything extraordinary about the stairs in question.
> There is nothing contained in the record to suggest that

the stairs were improperly designed, improperly or inadequately lighted, covered with a foreign substance, or that they were slippery.  In the vernacular, they were just stairs.

*Id.* at 6, 540 N.E.2d 823, 132 Ill.Dec. 901.

Similarly, Kahl has not alleged that there was any design or configuration defect in Carr's stairs.  Kahl has not alleged that the stairs were wet or slippery.  Kahl has not presented any evidence that Carr's stairs should not be considered to be an open and obvious danger, thereby relieving Carr of any duty owed to him.

Kahl testified that he did not see the door that led to the stairs.  Indeed, Kahl testified that he "probably" looked before leaning against the wall that was actually a door, but he "can't say a hundred percent sure that [he] did."  Plaintiff Dep. at p. 74.

Even if this Court had not ruled that the danger was open and obvious, the Court finds that Carr did not owe a duty to Kahl because Kahl has not offered any evidence that Carr knew or should have known of this dangerous condition, that Carr knew or should have known that an invitee would not discover this danger or would fail to protect himself against that danger, and that Carr

10

failed to exercise reasonable care to protect invitees against the danger. Restatement (Second) Torts § 343.

Kahl's claim is analogous to that made by the plaintiff in *Anglin v. Oros*, 257 Ill.App.3d 213, 628 N.E.2d 873, 195 Ill.Dec. 409 (Ill. App. Ct. 1993), in which the Illinois Appellate Court affirmed the trial court's order granting summary judgment in the defendant's favor.  In *Anglin*, a tenant sued her landlord for injuries that her daughter sustained when her daughter put her hand through a storm glass door in attempting to close it. *Id.* at 214, 628 N.E.2d 873, 195 Ill.Dec. 409.  In affirming, the Illinois First District Appellate Court held that the trial court correctly granted summary judgment because there was no evidence in the record that the defendant knew that the door was broken or that the defendant could have anticipated that the plaintiff would fail to appreciate the danger of pressing on the glass portion of the storm door with unwarranted force. *Id.* at 219, 628 N.E.2d 873, 195 Ill.Dec. 409.

Similarly, Kahl offered no evidence that Carr knew that the door was unlatched or would open easily.  In addition, Kahl has failed to demonstrate that Carr could have anticipated that an invitee, like Kahl, would fail to appreciate the danger of leaning

11

against a door not knowing where that door led.[1]  Accordingly, Carr is entitled to the summary judgment that he seeks.

**IT IS, THEREFORE, ORDERED:**

1)     Defendant Steven Carr's Motion for Summary Judgment (D/E 42) is GRANTED.  The Clerk of the Court is directed to enter judgment in Defendant's favor and against Plaintiff.  All pending motions are denied as moot, and this case is terminated with the Parties to bear their own costs.  All deadlines and settings on the Court's calendar are VACATED.

2)     If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).

3)     If Plaintiff wishes to proceed in forma pauperis on appeal, his motion for leave to appeal in forma pauperis must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to

---

[1]  Kahl testified that this was his first time at Carr's office. Plaintiff's Dep. at p. 75.

submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED this _11th__ day of December, 2013.


                              /s Sue E. Myerscough_____
                                 SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE